VIRGINIA

### IN THE CIRCUIT COURT FOR THE CITY OF CHARLOTTESVILLE

JOHN TAYLOR BACHMAN and
KATHLEEN BRIDGET STRANIX,
as Administrators of the Estate of
RIAN TAYLOR BACHMAN, deceased

      **Plaintiff**

vs.

                    LAW # *CL19-590*

KINDERCARE EDUCATION AT WORK LLC
d/b/a UVA CHILD DEVELOPMENT CENTER II
Registered Agent:    Corporation Service Company
                    100 Shockoe Slip Fl. 2
                    Richmond, VA 23219

*11/26/19   3:02pm*

      **Defendants.**

*Anita DeJong*

### COMPLAINT

COMES NOW the plaintiff and moves for judgment against the defendants jointly and severally, on the grounds and in the amount set forth below:

1.    Plaintiff Kathleen Bridget Stranix is Rian Taylor Bachman's mother.  At all times hereto, she has been a resident of the Commonwealth of Virginia.

2.    Plaintiff John Taylor Bachman is Rian Taylor Bachman's father.  At all times hereto, he has been a resident of the Commonwealth of Virginia.

3.    Kathleen Bridget Stranix and John Taylor Bachman qualified as Administrators of the Estate of Rian Taylor Bachman in the Charlottesville Circuit Court on May 31, 2019.

4.    Rian Taylor Bachman, the daughter of Kathleen Bridget Stranix and John Taylor Bachman, was born on April 5, 2018.  She died on September 2, 2018 at the age of 4 months 28 days.

NICHOLS ZAUZIG
12860 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

1

EXHIBIT
A
tabbies

5.     For purposes of damages under the Wrongful Death Act, § 8.01-50, *et seq.*, Rian Bachman's statutory beneficiaries are her parents, Kathleen Bridget Stranix and John Taylor Bachman.

6.     Defendant KinderCare Education at Work LLC is a division of KinderCare Education. KinderCare Education has partnered with more than 400 organizations nationwide to provide "customizable family care benefits including care for young children on or near the site where their parents work."

7.     That Maggie Brookman was at all times relevant hereto an employee and/or agent of KinderCare Education at Work LLC d/b/a UVA Child Development Center II, acting within the scope of her employment and/or agency.

8.     That Terri Ragland was at all times relevant hereto an employee and/or agent of KinderCare Education at Work d/b/a UVA Child Development Center II, acting within the scope of her employment and/or agency.

9.     That the defendant, KinderCare Education at Work d/b/a UVA Child Development Center II, is and at all times relevant hereto was a Virginia limited liability company providing child care and early childhood education through its employees, agents and servants in the Commonwealth of Virginia, and is responsible for the negligent acts of its employees, agents and servants, including Maggie Brookman and Terri Ragland, employees supervising the care of Rian Bachman, on the grounds of *respondeat superior*.

10.     Defendant KinderCare Education at Work LLC d/b/a UVA Child Development Center II, as the employer, is vicariously liable for the breaches by its employees.

11.     That all acts and omissions of negligence occurred in the City of Charlottesville, Virginia.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

2

12.     At all times relevant hereto, KinderCare Education at Work LLC managed a childcare center doing business as UVA Child Development Center II located at 408 Earhart Street Charlottesville, VA 22904.

13.     The UVA Child Development Centers accept only children whose parents or legal guardians are affiliated with the University of UVA Health System.

14.     UVA Child Development Center II is one of many Virginia childcare facilities operated by KinderCare Education.

15.     Specifically, there are between 51 and 100 facilities managed by KinderCare Education at Work in Virginia.  This does not include the many additional KinderCare Learning Centers operating in Virginia.

16.     KinderCare Education is a long-time, large-scale, for-profit operator of childcare facilities and schools for very young children, responsible for providing care and protection to hundreds of thousands of children in 40 states and Washington, D.C.  It advertises that every day it serves more than 161,000 children aged six weeks to 12 years.  It holds itself out as "the nation's largest private provider of accredited early childhood education."

17.     The UVA Child Development Center II managed by KinderCare Education at Work is a childcare facility responsible for providing care and protection to infants and toddlers.

18.     The website for the UVA Child Development Centers states that its Centers are "managed by KinderCare Education at Work, a division of KinderCare Education" and indicates, "KinderCare Education is a national childcare provider dedicated to quality employer sponsored early childhood education.  The Centers offer the combination of experience, strength in the industry and dedication to developing quality and innovative family focused programs."

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

3

19.     The website for the UVA Child Development Centers also advertises that its Centers are accredited by the National Association for the Education of Young Children (NAEYC) and states, "The Centers earned this designation by having a lower child and teacher ratio, offering an outstanding program, and hiring the finest staff."

20.     KinderCare Education at Work LLC advertises its "promise to world-class quality in every classroom" and "guarantees excellence in each and every one of our classrooms."

21.     In August 2018, Kathleen Bridget Stranix and John Taylor Bachman contracted with KinderCare Education at Work LLC to provide childcare for their daughter Rian, then four months old.  That agreement was clearly and definitively intended for the care and protection of Rian, its intended beneficiary.  Those services were to be provided to Rian at the UVA Child Development Center II located at 408 Earhart Street Charlottesville, VA 22904.

22.     Said contract (entitled "Enrollment Agreement") stated "The safety of children in our centers is our top priority."

23.     In materials given to Stranix and Bachman at the time of said contract, in the document entitled "Welcome to Infant 1" it was stated that the Defendant's teachers' training included "proper supervision".

24.     Rian Bachman was checked in to the UVA Child Development Center II at approximately 1131 on the morning of August 31, 2018.

25.     Rian Bachman was in good health when she was delivered by her parents to the employees of UVA Child Development Center II.

26.     At that time, the employees of UVA Child Development Center II had exclusive control and supervision of Rian Bachman, who was unable to care for herself in any manner due to her infancy.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

4

27.    At that time due to her infancy, Rian had very limited motor control and strength and could not yet roll over on her own, or if on her stomach, she could only keep her head up for a limited time.

28.    At that time due to her infancy, Rian needed constant supervision, and in particular, needed uninterrupted supervision during Tummy Time.

29.    Tummy Time is a supervised time for an infant, where the awake infant is placed on its stomach for a short period to allow the infant to strengthen its head, neck, and shoulder muscles.

30.    Maggie Brookman, an employee at UVA Child Development Center II, was caring for Rian and three other infants in the "Infant 1" room on the morning of August 31, 2018.

31.    At some point during that day, Terri Ragland, another employee at UVA Child Development Center II, was instructed to relieve Brookman in the "Infant 1" room.

32.    At the time that Ragland entered the "Infant 1" room, Rian Bachman was being held by Brookman.

33.    Ragland and/or Brookman placed Rian on her stomach on a mat for Tummy Time.

34.    Brookman informed Ragland that Rian was "fussy" and "not sleeping."

35.    Brookman put Rian down on her stomach on a red printed mat for Tummy Time at Ragland's feet prior to leaving the room.

36.    Ragland and/or Brookman then left Rian on her stomach, on the mat, unsupervised.

37.    Subsequently, Rian was found motionless, face down on the mat with her head turned to the side, and with blood on her face.

38.    911 was called at approximately 14:17.

39.    The Charlottesville Fire Department EMS were dispatched at approximately 14:18.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

5

40.     The Charlottesville Fire Department EMS arrived at the scene at approximately 14:29.

41.     Rian was transported to UVA University Hospital East. She arrived at approximately 14:35 on August 31, 2018.

42.     Rian Bachman expired at 13:59 on September 2, 2018.

43.     Rian Bachman's death was due to her critical condition resulting from the hypoxia suffered by her during her unsupervised Tummy Time.

44.     That a special relationship existed between KinderCare Education at Work LLC d/b/a UVA Child Development Center II (and its employees) and Rian, who was a vulnerable individual in a custodial relationship with KinderCare Education at Work LLC d/b/a UVA Child Development Center II. That relationship imposed a duty of reasonable care upon the custodian to protect the vulnerable individual in its custody.

45.     KinderCare Education at Work LLC d/b/a UVA Child Development Center II and its employees agreed to undertake the supervision and care of Rian, and likewise, owed a duty of reasonable care to Rian to protect and safeguard her from harm.

46.     Notwithstanding said duty, Defendant KinderCare Education at Work LLC d/b/a UVA Child Development Center II and its employees did breach said duty in that:

(a)     it failed to properly care for Rian while she was in their custody and control;

(b)     it failed to properly supervise Rian while she was in their custody and control;

(c)     it failed to appreciate the risk to Rian by leaving her on her stomach.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

unattended, when due to her age she was susceptible to tiring and being unable to control her neck and head. As such, she was susceptible to obstructing her airway and was at risk of suffocating and becoming hypoxic.

(d)    it left Rian on her stomach unattended;

(e)    and was otherwise negligent.

47.    The negligent acts and omissions of the defendant's employees were a proximate cause of the death of Rian Bachman on September 2, 2018.

WHEREFORE, Plaintiff John Taylor Bachman and Kathleen Bridget Stranix, as Administrators of the Estate of Rian Taylor Bachman, demands judgment against the Defendant, KinderCare Education at Work LLC d/b/a UVA Child Development Center II, jointly and severally, on behalf of the Estate and surviving beneficiaries of the plaintiff's decedent as follows:

(a) For sorrow, mental anguish and loss of solace including the society, companionship, comfort, guidance and kindly offices, and advice of the decedent;

(b) For loss of services, protection, care, and assistance of the decedent;

(c) For medical expenses of the decedent incident to the injuries which caused her death;

(d) For funeral expenses;

(e) For pre-judgment interest.

WHEREFORE, Plaintiff John Taylor Bachman and Kathleen Bridget Stranix, as Administrators of the Estate of Rian Taylor Bachman, demands judgment against the Defendant KinderCare Education at Work LLC d/b/a UVA Child Development Center II, jointly and severally, in the amount of Ten Million Dollars ($10,000,000) in compensatory damages, with

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

interest thereon including pre-judgment interest, and their costs expended herein. Trial by jury is demanded on all issues.

JOHN   TAYLOR   BACHMAN   and
KATHLEEN   BRIDGET   STRANIX,   as
Administrators   of   the   Estate   of   RIAN
TAYLOR BACHMAN, deceased
By: Counsel

Charles J. Zauzig, III (VSB #17838)
Melissa G. Ray (VSB #65856)
Nichols Zauzig, A Professional Corporation
12660 Lake Ridge Drive
Woodbridge, Virginia 22192
Office: (703) 492-4200
Facsimile: (703) 490-3917
czauzig@nzslaw.com
mray@nzslaw.com
*Counsel for Plaintiff*

V I R G I N I A :

## IN THE CIRCUIT COURT FOR THE CITY OF CHARLOTTESVILLE

JOHN TAYLOR BACHMAN and )
KATHLEEN BRIDGET STRANIX, )
as Administrators of the Estate of )
RIAN TAYLOR BACHMAN, deceased )
                               )
           Plaintiff, )
                               )
v. )      CASE NO. *CU9-590*
                               )      *11/26/19    3:02pm*
KINDERCARE EDUCATION AT WORK LLC )
d/b/a UVA CHILD DEVELOPMENT CENTER II )
                               )
           Defendants. )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

       The following Requests for Production of Documents are directed to you pursuant to Rule

4:9 of the Rules of the Supreme Court of Virginia.  You are requested to serve responses to these

requests, in accordance with the Rules of the Court and with the below instructions, upon

undersigned counsel for the Plaintiff within twenty-one days after service.

### DEFINITIONS

       Unless otherwise indicated, the following definitions shall be applicable.

       A.     The term "communication" as used herein shall include all oral, visual, written, or

other means of transmitting information or statements.

       B.     The term "document" as used herein shall mean the original, or a copy of the

original if you do not possess the original, and all non-identical copies of any medium upon which

intelligence or information is recorded, or from which intelligence or information can be retrieved,

regardless of original or present location or custody, including, but not limited to, papers, letters,

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22 192-2335
703-492-4200

text-messages, telegrams, telexes, architectural plans or drawings, memoranda, notes, sound recordings, minutes, periodicals, magazines, newspapers, pamphlets, advertisements, articles, internal correspondence, reports, records, studies, contracts, statements, logs, audits, charts, legal instruments, declarations, filings, drafts, plans, diagrams, pictures, circulars, announcements, directives, schedules, specifications, standards, instructions, manuals, photographs, negatives, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer disks, computer tapes, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilms, accounts, budgets, journals, ledgers, bills, invoices, orders, bids, checks, receipts, and the like, whether handwritten, typed, printed, coded, tape recorded, photographed, or otherwise made, including information stored, made or maintained by electronic, mechanical or magnetic means. The term "document" includes each and every draft, excerpt, revision, or amendment of the above.

C.     The terms "identify," "identity," or "identification," (1) when used in reference to a natural person, means that person's full name, last known address, home and business telephone numbers, and present occupation or business affiliation; (2) when used in reference to a person other than a natural person, includes a description of the nature of the person (that is, whether it is a corporation, partnership, etc. under the definition of person below), and the last known address, telephone number, and principal place of business; (3) when used in reference to any person after the person has been properly identified previously means the person's name; and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the document to your response, appropriately labeled to correspond to the request for production.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

D.      The terms "identify" or "identification," when used with reference to a fact or occurrence of any kind, shall mean, without limitation, to state each of the following: (1) the date, time, and place (including street address where appropriate) of the fact or occurrence, (2) a description of the circumstances surrounding the fact or occurrence, (3) an identification of all persons who were present at or have any personal knowledge of the fact or occurrence, and (4) the substance of the fact or the occurrence.

E.      The term "person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the Commonwealth of Virginia, an agency or political subdivision of the Commonwealth of Virginia, a court, and any other governmental entity.

F.      The terms "pertaining to" and "relating to" and "concerning" mean containing, recording, discussing, mentioning, noting, summarizing, referring to, commenting upon, describing, digesting, reporting, listing, analyzing or studying the subject matter identified in a request.

G.      The term "you," "your," or "Defendant," as used herein shall refer to Defendant KinderCare Education at Work LLC d/b/a UVA Child Development Center II, and shall include all of its agents, departments, representatives, employees, independent contractors and/or attorneys, and also specifically includes directors, general counsel and other attorneys.

H.      The term "incident" as used herein shall refer to the events after Rian Bachman was left in the care of the defendant on August 31, 2018 as set forth in the alleged complaint.

I.      The term "KinderCare" as used herein shall refer to the defendant KinderCare Education at Work, LLC d/b/a UVA Child Development Center II.

- 3 -

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

J.      The term "tummy time" shall mean those periods of time when the infant is placed on its stomach for the infant to strengthen its head, neck and shoulder muscles.

## GENERAL INSTRUCTIONS

A.      These requests for production seek all information and documents in your possession, custody, or control, and also includes documents in the possession, custody, or control of your agents, servants, consultants, investigators, or anyone acting for or on your behalf, and, unless otherwise privileged, your counsel and their employees, representatives, agents, servants, investigators, consultants, or anyone acting for or on their behalf.

B.      Where the name of a person is requested, or where you are asked to name a person, indicate the full name, home address, business address and telephone number (including area code) of such person.

C.      You must supplement your responses as required by Rule 4:1(e).

D.      If you perceive any ambiguities in any request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

E.      Whenever a request for production is framed in the conjunctive, it should also be interpreted in the disjunctive, and vice versa, so as to interpret the request broadly, rather than narrowly. The singular of a noun should be interpreted as including the plural form and vice versa.

F.      To the extent that you consider any of these requests for production objectionable, respond to so much of each request as, in your view, is not objectionable. Separately identify that part or aspect of each interrogatory to which you object and each ground for such objection.

G.      If any documents responsive to any request for production herein or fairly comprised within the scope of the following requests for production have been lost, destroyed, or are otherwise not able to be located, or not presently within your possession, custody, or control,

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 21192-2335
703-492-4200

- 4 -

or are in the possession, custody, or control of your attorneys, employees, investigators, agents, representatives, or anyone acting in cooperation or concert with you or otherwise under your direction or control, please provide in lieu of a true and correct copy thereof a list of each document so lost, destroyed, unable to be located, or not within the possession, custody, or control thereof together with the following information:

      1.     a description of such document;

      2.     the date of origin;

      3.     the author of the document;

      4.     whether the document was lost, destroyed, unlocatable, or no longer within the possession, custody, or control thereof;

      5.     the date upon which any such document was lost or destroyed;

      6.     the substance of the document;

      7.     the date on which the document was last seen, where it was last seen, and the identity of the person in whose possession, custody, or control the document was last seen; and

      8.     a brief statement of the manner in which any such document was lost or destroyed.

      H.     If you claim privilege as a ground for failing to provide any document covered by these requests for production of documents, respond to that part of each such request which, in your view does not request allegedly privileged information or communications. For each claim of privilege, describe the factual basis for your claim of privilege in sufficient detail to permit the court to adjudicate the validity of the claim, including without limitation, the following information:

      1.     a brief description of the nature of the information;

- 5 -

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

2.      the name and title of each person who has knowledge of the information;

3.      a brief description of the subject matter of the information; and

4.      the number of the request for production to which the information is responsive.

I.      If documents requested in any one category are numerous such that KinderCare reasonably objects on undue burden grounds, counsel will agree to inspect the documents before requesting copies.

J.      "Metadata" commonly described as "data about data," is an automatically generated computer record, including but not limited to Audit Trails of user accesses, activities and times, order and results "detail" sheets showing further details on individual audit trail line items, and other data that certify how, when, where and by whom electronic documents (e-documents) and other computer-based information have been authored, viewed, manipulated, changed, edited or otherwise accessed.

## DOCUMENTS REQUESTED

1. A complete copy of any and all "documents"[1] pertaining to the care of Rian Bachman in your possession, including but not limited to registration documents, incident reports, medical records, health information forms, internal memoranda, letters, and electronic communications.

   **RESPONSE:**

2. A complete copy of the signed contract (entitled "Enrollment Agreement")

---

[1] See **Definitions** for all quoted terms provided in these requests.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

pertaining to Rian Bachman.

**RESPONSE:**

3. A copy of the curriculum vitae of the experts identified in your interrogatories.

    **RESPONSE:**

4. All documents which you have received pursuant to any subpoena issued pursuant to the applicable Rules of Court.

    **RESPONSE:**

5. If not provided in response to other requests, all electronic documents of any kind pertaining to the care or outcome or discussions about Rian Bachman (excluding emails or texts you sent to or received from your attorneys), including but not limited to emails and texts in any way concerning her, or sent to or received from her parents. If you contend that this involves any logistical difficulty, please set forth in detail what you contend must be done to comply with this request.

    **RESPONSE:**

6. Copies of any and all documents "pertaining to" observations made of Plaintiff, either before or after the incident set forth in the Complaint, and identify any witnesses thereto, including but not limited to any still photographs, unedited videotape recordings, unedited voice recordings, or any other surveillance material of the plaintiff or any of the activities in your possession or control or the possession or control of any of your agents.

    **RESPONSE:**

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

- 7 -

7. Any and all audit trail records and/or "Metadata" history for all electronically stored documents, records, logs, files, being produced in response to these discovery requests.

   **RESPONSE:**

8. Copies of any and all materials used by you for training your employees in the supervision of infants and children.

   **RESPONSE:**

9. Any and all documents setting forth policies or procedures for supervising infants during "tummy time".

   **RESPONSE:**

10. Copies of any and all safety guidelines, standards, requirements, regulations and any other written materials KinderCare sought to comply with in running its program, including but not limited to national or Virginia standards, NECPA, NAEYC, NAC, et al. Do not merely cite such documents; please produce them.

    **RESPONSE:**

11. Copies of any and all employee logs, timesheets, staffing attendance documents and sign-in sheets from the date of the incident, and any other documents identifying periods of time when the teacher(s) was/were not present in the classroom with Rian Bachman on that same date.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

- 8 -

**RESPONSE:**

12. Documents containing the names, last known telephone numbers, and addresses of KinderCare employees (a) who were present on the date of the incident, and (b) who were involved in managing the care of Rian Bachman on the date of the incident.

**RESPONSE:**

13. Any and all documents concerning the use of security cameras and/or other monitoring systems in use within and on the KinderCare premises on the date of the incident.

**RESPONSE:**

14. Copies of any and all written policies and procedures for childcare operations in effect for KinderCare on a company-wide basis and as of 2018. This request includes, without limitation, employee manuals, handbooks and any other written policies and procedures.

**RESPONSE:**

15. A copy of any insurance identified in your answer to Interrogatory #15.

**RESPONSE:**

16. All documents relating to inspections or audits, visits or security assessments of KinderCare from 2018 to present by any entity or person.

**RESPONSE:**

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

17. Any and all documents pertaining to violations of childcare regulatory standards at KinderCare, including violations of staff to child ratios.

**RESPONSE:**

18. If you have withheld any responsive documents based on privilege, please provide a Privilege Log in accordance with Virginia Supreme Court Rule 4:1(b)(6).

**RESPONSE:**

**JOHN TAYLOR BACHMAN and
KATHLEEN BRIDGET STRANIX, as
Administrators of the Estate of RIAN
TAYLOR BACHMAN, deceased**
By: Counsel

Charles J. Zauzig, III (VSB #17838)
Melissa G. Ray (VSB #65856)
Nichols Zauzig, A Professional Corporation
12660 Lake Ridge Drive
Woodbridge, Virginia 22192
Office: (703) 492-4200
Facsimile: (703) 490-3917
czauzig@nzslaw.com
mray@nzslaw.com
Counsel for Plaintiff

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

- 10 -

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE CITY OF CHARLOTTESVILLE

| | |
|---|---|
| JOHN TAYLOR BACHMAN and | ) |
| KATHLEEN BRIDGET STRANIX, | ) |
| as Administrators of the Estate of | ) |
| RIAN TAYLOR BACHMAN, deceased | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. _CU9-590_ |
| | ) |
| | ) 11/26/19   3:02 pm |
| KINDERCARE EDUCATION AT WORK LLC | ) |
| d/b/a UVA CHILD DEVELOPMENT CENTER II | ) |
| | ) |
| Defendants. | ) _Anita D. Spivey_ |

### PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

COME NOW Plaintiff John Taylor Bachman and Kathleen Bridget Stranix, as Administrators of the Estate of Rian Taylor Bachman, deceased, and propounds the following interrogatories to be answered in writing and under oath by Defendants pursuant to Rules 4:1 and 4:8 of the Rules of the Supreme Court of Virginia and in accordance with the below instructions. Please serve a copy of your responses upon undersigned counsel.

### DEFINITIONS AND INSTRUCTIONS

A.     These interrogatories seek all information that is known to you, your agents, servants, consultants, investigators, or anyone acting for or on your behalf, and, unless otherwise privileged, your counsel and their employees, representatives, agents, servants, investigators, consultants, or anyone acting for or on their behalf.

B.     In accordance with Rule 4:8, each interrogatory shall be answered separately and fully in writing under oath and signed by the person making the answers.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

- 1 -

C.      You must supplement your answers as required by Rule 4:1(e).

D.      If, pursuant to Rule 4:8(f), you elect to specify and produce business records in answer to any interrogatory, your specification shall be in sufficient detail to enable the interrogating party to locate and identify the records from which the answer may be ascertained.

E.      If you perceive any ambiguities in any interrogatory, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

F.      Whenever an interrogatory is framed in the conjunctive, it should also be interpreted in the disjunctive, and vice versa, so as to interpret the interrogatory broadly, rather than narrowly.  The singular of a noun should be interpreted as including the plural form and vice versa.

G.      To the extent that you consider any of these interrogatories objectionable, respond to so much of each interrogatory as, in your view, is not objectionable.  Separately identify that part or aspect of each interrogatory to which you object and each ground for such objection.

H.      If any documents responsive to any interrogatory herein or fairly comprised within the scope of the following interrogatories have been lost, destroyed, or are otherwise not able to be located, or not presently within your possession, custody, or control, or are in the possession, custody, or control of your attorneys, employees, investigators, agents, representatives, or anyone acting in cooperation or concert with you or otherwise under your direction or control, please provide in lieu of a true and correct copy thereof a list of each document so lost, destroyed, unable to be located, or not within the possession, custody, or control thereof together with the following information:

1.      a description of such document;

2.      the date of origin;

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

3.    the author of the document;

4.    whether the document was lost, destroyed, unlocatable,

or no longer within the possession, custody, or control thereof;

5.    the date upon which any such document was lost or destroyed;

6.    the substance of the document;

7.    the date on which the document was last seen, where it was

last seen, and the identity of the person in whose possession, custody,

or control the document was last seen; and

8.    a brief statement of the manner in which any such document

was lost or destroyed.

I.    If you claim privilege as a ground for failing to provide any information requested, respond to that part of each such interrogatory which, in your view, does not request allegedly privileged information or communications. For each claim of privilege, describe the factual basis for your claim of privilege in sufficient detail to permit the court to adjudicate the validity of the claim, including without limitation, the following information:

1.    a brief description of the nature of the information;

2.    the name and title of each person who has knowledge of

the information;

3.    a brief description of the subject matter of the information; and

4.    the number of the interrogatory to which the information

is responsive.

J.    The term "communication" as used herein shall include all oral, visual, written, or other means of transmitting information or statements.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

K.      The term "document" as used herein shall mean the original, or a copy of the
original if you do not possess the original, and all non-identical copies of any medium upon
which intelligence or information is recorded, or from which intelligence or information can be
retrieved, regardless of original or present location or custody, including, but not limited to,
papers, letters, text-messages, telegrams, telexes, architectural plans or drawings, memoranda,
notes, sound recordings, minutes, periodicals, magazines, newspapers, pamphlets,
advertisements, articles, internal correspondence, reports, records, studies, contracts, statements,
logs, audits, charts, legal instruments, declarations, filings, drafts, plans, diagrams, pictures,
circulars, announcements, directives, schedules, specifications, standards, instructions, manuals,
photographs, negatives, brochures, publications, statistical records, desk calendars, appointment
books, diaries, computer disks, computer tapes, computer printouts, data processing program
libraries, data processing input and output, computer memories, microfilms, accounts, budgets,
journals, ledgers, bills, invoices, orders, bids, checks, receipts, and the like, whether handwritten,
typed, printed, coded, tape recorded, photographed, or otherwise made, including information
stored, made or maintained by electronic, mechanical or magnetic means. The term "document"
includes each and every draft, excerpt, revision, or amendment of the above.

L.      The terms "identify," "identity," or "identification," (1) when used in reference to
a natural person, means that person's full name, last known address, home and business
telephone numbers, and present occupation or business affiliation; (2) when used in reference to
a person other than a natural person, includes a description of the nature of the person (that is,
whether it is a corporation, partnership, etc. under the definition of person below), and the last
known address, telephone number, and principal place of business; (3) when used in reference to
any person after the person has been properly identified previously means the person's name;

and (4) when used in reference to a document, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of document (e.g. letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the document to your answer, appropriately labeled to correspond to the interrogatory.

M.     The terms "identify" or "identification," when used with reference to a fact or occurrence of any kind, shall mean, without limitation, to state each of the following: (1) the date, time, and place (including street address where appropriate) of the fact or occurrence, (2) a description of the circumstances surrounding the fact or occurrence, (3) an identification of all persons who were present at or have any personal knowledge of the fact or occurrence, and (4) the substance of the fact or the occurrence.

N.     The term "person" includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, the Commonwealth of Virginia, an agency or political subdivision of the Commonwealth of Virginia, a court, and any other governmental entity.

O.     The term "you," "your," or "Defendant," as used herein shall refer to Defendant KinderCare Education at Work LLC d/b/a UVA Child Development Center II, and shall include all of its agents, departments, representatives, employees, independent contractors and/or attorneys, and also specifically includes directors, general counsel and other attorneys.

P.     The term "incident" as used herein shall refer to the events after Rian Bachman was left in the care of the defendant on August 31, 2018 as set forth in the alleged complaint.

Q.     The term "KinderCare" as used herein shall refer to the defendant KinderCare Education at Work, LLC d/b/a UVA Child Development Center II.

- 5 -

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

R.    The term "tummy time" shall mean those periods of time when the infant is placed on its stomach for the infant to strengthen its head, neck and shoulder muscles.

## INTERROGATORIES

1.    "Identify"[1] all persons (other than your attorneys) who assisted in answering these interrogatories, and for each such person, identify the particular interrogatory for which that person provided information.

**ANSWER:**

2.    Identify all of your employees and/or agents who worked at KinderCare, or were otherwise present at KinderCare on August 31, 2018, who interacted with Rian Bachman, stating for each such employee and/or agent whether [s]he currently works at KinderCare.

**ANSWER:**

3.    Describe in detail any efforts taken by, or at the direction of, Defendants to investigate the incident, including at a minimum who lead the effort, when the effort was started, who participated in the effort, how long it took, and how the effort was accomplished.

**ANSWER:**

4.    Describe in detail the steps and procedures used by you for training staff in areas relating to the supervision of children and in particular of infants, including but not limited to "tummy time".

**ANSWER:**

---

[1] See **Definitions and Instructions** for all quoted terms provided in these interrogatories.

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

5.     If you contend that any person other than your employees/agents, including Plaintiff or anyone else, caused or contributed to the incident and/or to Rian's injuries, state the facts, reasons and grounds for such contention.

**ANSWER:**

6.     Describe in detail and in chronological order how you contend the incident occurred, identifying each and every individual upon whom, and document upon which, you rely for your answer and the specific information provided by each such individual or document.

**ANSWER:**

7.     Describe in detail the steps that were taken by KinderCare and/or its staff to investigate, report, and/or prevent recurrences of similar incidents after the discovery of this underlying incident.

**ANSWER:**

8.     Have there ever been any complaints, criticisms, or comments about KinderCare's enforcement of rules relating to supervision of children? If so, for each such instance state: (a) the date the complaint, criticism, or comment was made; (b) the substance of each complaint, criticism, or comment; (c) the person who made the complaint, criticism, or comment; and (d) what, if any, action was taken as a result of each such complaint, criticism, or comment.

**ANSWER:**

9.     Identify the factual bases for each affirmative defense that you have asserted in

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

your Answer to the Complaint, including all witnesses or documents which support your contention.

**ANSWER:**

10. Identify each person whom you expect to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, state the substance of the findings and opinions to which the expert is expected to testify, and identify the grounds for each such finding or opinion.

**ANSWER:**

11. Identify each person, other than a person intended to be called as an expert witness at trial, having discoverable information that tends to support or undermine a position that any party has taken in this action and state the subject matter of the information possessed by that person, as well as the basis for each person's possession of such information.

**ANSWER:**

12. Identify all information, documents and/or things gathered by you, in your possession, and/or of which you have knowledge that concern the incident and specify the identity of each person who provided such information, documents and/or things. In your answer, include all persons who gave or attempted to give a statement, admission, and/or otherwise indicated that he or she possessed knowledge of the incident and/or the circumstances surrounding the incident. State the date of and location where the information was provided, the persons present, and the location where such documents and/or things are maintained, kept

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

and/or located.

**ANSWER:**


13.    Describe in detail all inquiries and/or investigations concerning Rian's injuries and/or damages, and/or the circumstances and/or causes of the incident, including investigations by you and/or any insurance company.  For each such inquiry or investigation, identify each person and/or entity in any manner ordering, instituting or conducting it; the reason for the inquiry and/or investigation; the present status of each such inquiry and/or investigation (ongoing, suspended, concluded, etc.); and the preliminary and/or final findings and/or conclusions of each such inquiry or investigation.

**ANSWER:**


14.    Identify and describe in detail all recordings, notes, statements and/or transcripts of statements relating in any manner to the incident, including the identity of each person who provided any such testimony or statements and/or is in possession, custody or control of any such recording, notes, statement and/or transcript.

**ANSWER:**


15.    State whether any part of any judgment which might be rendered against you in this action may be subject to satisfaction by an insurance policy.  If such an insurance policy exists, state the policy limits **as you understand them to be with respect to the claims asserted in this action**, the name of the insured on the policy, and the name of the insurance

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200

- 9 -

company issuing the policy.

**ANSWER:**

JOHN TAYLOR BACHMAN and
KATHLEEN BRIDGET STRANIX, as
Administrators of the Estate of RIAN
TAYLOR BACHMAN, deceased
By: Counsel

Charles J. Zauzig, III (VSB #17838)
Melissa G. Ray (VSB #65856)
Nichols Zauzig, A Professional Corporation
12660 Lake Ridge Drive
Woodbridge, Virginia 22192
Office: (703) 492-4200
Facsimile: (703) 490-3917
czauzig@nzslaw.com
mray@nzslaw.com
Counsel for Plaintiff

NICHOLS ZAUZIG
12660 LAKE RIDGE DRIVE
WOODBRIDGE, VA 22192-2335
703-492-4200